829 F.2d 1121
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Mehmet AKIS, Defendant/Appellant.
 No. 86-5583.
 United States Court of Appeals, Fourth Circuit.
 Argued June 4, 1987.
Decided Sept. 24, 1987.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Norman P. Ramsey, District Judge. (CR-85-101-H)
 Harold Irwin Glaser; Gerald C. Ruter for appellants.
 James Christopher Savage, Assistant United States Attorney (Breckinridge L. Willcox, United States Attorney, on brief), for appellee.
 Before WIDENER and WILKINS, Circuit Judges, and SMALKIN, District Judge for the United States District Court for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 The defendant, Mehmet Akis, appeals from the district court's refusal to dismiss two indictments against him on double jeopardy grounds. We affirm.
 
 
 2
 The defendant was tried on several drug-related counts in a superseding indictment No. Y-83-00405. Count I charged Akis with conspiracy to import heroin under Secs. 952(a) and 963. Count II charged a conspiracy to distribute and possess with intent to distribute heroin under 21 U.S.C. Secs. 841(a)(1) and 846. Count III charged Akis with illegally transporting currency. Count V of that indictment charged Akis with possession of heroin with intent to distribute, and the aiding thereof, under 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2. Akis' motion for acquittal was granted on the currency count, but he was convicted of the remaining charges.
 
 
 3
 At the time defendant stood trial in Y-83-00405, he was also under indictment for drug offenses in No. R-85-049 and No. H-850101. In R-85-049, Akis is charged with conspiracy to import heroin, count ONE; importation of heroin, Count TWO; and possession of heroin with intent to distribute, Count THREE. In No. H-85-0101, he is charged with conspiracy to distribute and possess with intent to distribute heroin, Count TWO; and with distribution of heroin, Count THREE.
 
 
 4
 The defendant raised double jeopardy objections to each of the five counts in these indictments, but the district court denied them. The district court first noted that no double jeopardy problem is created when a defendant is charged with both underlying substantive and conspiracy counts in the same indictment, and neither is there any such problem in trying the defendant simultaneously both for conspiracy to import drugs and a separate conspiracy to possess drugs with intent to distribute.
 
 
 5
 The district court recognized that different concerns are involved where conspiracies are tried successively rather than together, as would happen if the two remaining indictments went to trial. The court correctly identified the principal relevant question to be whether these remaining indictments allege conspiracies separate from those tried in Y-83-00405, compared Y83-00405 to the allegations in the present indictments and the government's proffer of evidence, and determined that each of the three indictments alleged conspiracies which were separate and distinct from the others. The district court also ruled that Akis' conviction for a November 1980 possession with intent to distribute would not bar his prosecution for a July 1982 possession with intent to distribute charge, or on a February 1982 importation charge, and that no other charge in any indictment barred Akis' prosecution for a March 1983 distribution charge. The court then ordered that the remaining indictments proceed to trial.
 
 
 6
 We agree that the double Jeopardy clause does not prohibit the trial of Akis on any count of indictments in R-85-049 or H85-0101. We find no infirmity in the opinion of the district court, and we affirm the order appealed from on the basis of its opinion.
 
 
 7
 AFFIRMED.